IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL R. DUNN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-436-D |
| SCOTT CROW, Director, et al., | ) ) ) |
| Respondents. | ) ) |

## **ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Purcell recommends the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] be dismissed without prejudice for failure to exhaust state court remedies.

Petitioner, a state prison inmate appearing *pro se*, has filed a timely objection [Doc. No. 8] to the Report. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his objection, Petitioner does not challenge Judge Purcell's conclusion that he has failed to exhaust state court remedies for the claims he asserts in his Petition. Instead, he argues he should be excused from exhaustion requirements because he has no adequate habeas remedy under Oklahoma law. Citing *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), Petitioner claims that Oklahoma law does not afford him means for seeking state

court review of the calculation or revocation of his good time credits. After *Gamble*, however, Oklahoma amended its laws to allow for state judicial review of disciplinary proceedings involving the revocation of good behavior credits. *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007); Okla. Stat. tit, 57, § 564.1. Petitioner, thus, has not shown that he lacks an adequate remedy under state law. Therefore, he has not shown he is excused from state court exhaustion requirements.

Having reviewed the Report and the case record *de novo*, the Court fully concurs with Judge Purcell's findings and recommendation that this action should be dismissed without prejudice for failure to exhaust state court remedies.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 7] is **ADOPTED** and the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **DISMISSED** without prejudice to a future filing. A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied.

**IT IS SO ORDERED** this 12th day of July, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge