IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL R. DUNN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-436-D |
| ) | |
| SCOTT CROW, Director, et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

Before the Court is Petitioner's Motion for Relief from Judgment [Doc. No. 11], filed July 28, 2022. Petitioner, who appears *pro se*, seeks relief from the Order of July 12, 2022 [Doc. No. 9], denying his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

The Court liberally construes this Motion for Relief from Judgment as a motion under Rule 59(e) because it seeks to alter or amend the judgment. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("Where [a] motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label."). Also, the Motion was timely filed within 28 days after the district court's entry of final judgment. *See* Fed. R. Civ. P. 59(e).

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Petitioner neither acknowledges this standard nor attempts to satisfy it. He simply seeks reconsideration of a matter previously decided. The Court therefore finds insufficient reason to revisit its July 12, 2022, Order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Relief from Judgment [Doc. No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the Order entered by this Court on July 12, 2022 [Doc. No. 9], which denied Petitioner's certificate of appealability, Petitioner's Alternative Request for Certificate of Appealability [Doc. No. 11] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 19th day of August, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge